Richard W. **DANIELSON**, Plaintiff,

v.

James J. **FLETCHER**, Administrator, National Aeronautics and Space Administration, Defendant.

Richard W. **DANIELSON**, et al., Plaintiffs,

v.

James J. **FLETCHER**, Administrator, National Aeronautics and Space Administration, Defendant.

Nos. C88–3941, C88–3509.

United States District Court, N.D. Ohio, E.D.

Oct. 10, 1990.

Deborah A. Drossis, North Olmsted, Ohio, for plaintiff.

William Kopp, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

ORDER

BATTISTI, District Judge.

This case consists of two consolidated actions against the Defendant under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., and § 633a in particular. In both cases, the Plaintiff, Richard W. Danielson, alleges that his superiors at the National Aeronautics and Space Administration (NASA) discriminated against him on the basis of his age in failing to promote him to supervisory positions for which he applied and to grant him performance awards. In Case No. C88–3509, Plaintiff also seeks to assert claims on behalf of similarly situated employees at the NASA Lewis Research Center. Before the court is Plaintiff's motion to certify a class in C88–3509. For the reasons stated herein, Plaintiff's motion is DENIED.

## I. FACTS

On September 12, 1988, Plaintiff filed C88–3509 on behalf of himself and all others similarly situated seeking compensatory damages, promotion with back pay, and injunctive as well as other equitable relief. The class which Plaintiff sought to represent was described as:

> ... all other employees of N.A.S.A. who are employed as Administrative Professionals within Classification Series No. 600 and are over the age of forty. The said class of employees number [sic] approximately fifty and it is therefore impracticable to bring them all before the Court; there are questions of law and fact presented herein which are common to the entire class of employees; the claims of Plaintiff Danielson herein are typical of the claims of the said class; and Plaintiff Danielson will fairly and adequately protect the interests of said class.

Plaintiff's Complaint, ¶ 9. The complaint further alleges that "Defendant N.A.S.A. has initiated a continuous pattern and practice of failing to promote Plaintiff Danielson as a result of his age...." Plaintiff's Complaint, ¶ 12. Finally, Plaintiff alleges that the vast majority of career promotions and performance awards among the Administrative Professional employees have gone to those under the age of forty. Plaintiff's Complaint, ¶¶ 18 & 26.

On October 24, 1988, the Plaintiff filed C88–3941 on his own behalf alleging that he was discriminated against on the basis of his age in the denial of his application for promotion on October 7, 1983. Plaintiff had made no reference to this incident in his prior complaint. This action was assigned to Judge Batchelder.

Subsequently, Judge Batchelder granted joint motions to consolidate the two cases and to transfer the case before her to my docket. On April 27, 1990, Plaintiff filed the present motion to certify C88–3509 as a class action.

## II. CLASS CERTIFICATION

■ Unlike class actions against private employers under the ADEA, class actions against federal employers need not comply with the separate procedural requirements and standards of the Fair Labor Standards Act. *See, e.g., Arnold v. Postmaster General,* 667 F.Supp. 6, 15 (D.D.C.1987), *rev'd on other grounds,* 863 F.2d 994 (D.C.Cir. 1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 140, 107 L.Ed.2d 99 (1989). Accordingly, the court looks to Federal Rule of Civil Procedure 23 for the appropriate standards for class certification.

■ The United States Court of Appeals for the Sixth Circuit has held in the context of a Title VII employment discrimination case that "[t]he burden is on ... the party seeking to utilize the class action device to establish his right to do so." *Senter v. General Motors Corp.,* 532 F.2d 511, 522 (6th Cir.1976) (citations omitted), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976). "As a preliminary matter, he must satisfy all four of the prerequisites contained in Rule 23(a) and then demonstrate that the class he seeks to represent falls within one of the subcategories of Rule 23(b)." *Id.* (footnotes omitted).

In the case *sub judice* the court finds that the Plaintiff has failed to show commonality and typically as required by Federal Rule of Civil Procedure 23(a)(2) & (3). Accordingly, there is no reason for the court to consider the other prerequisites to class certification.[1]

---

1. Federal Rule of Civil Procedure 23(a) states that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, *(2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,* and (4) the representative parties will fairly and adequately protect the interests of the class." (emphasis added).

The Supreme Court of the United States has noted that "[t]he commonality and typicality requirements of Rule 23(a) tend to merge[,]" but that "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 157

In *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 157–58, 102 S.Ct. 2364, 2370–71, 72 L.Ed.2d 740 (1982), the Supreme Court of the United States stated that:

> Conceptually, there is a wide gap between (a) an individual's claim that he has been denied a promotion on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claims will share common questions of law or fact and that the individual's claim will be typical of the class claims.... For respondent to bridge this gap, he must prove much more than the validity of his own claim. Even though evidence that he was passed over for promotion when several less deserving whites were advanced may support the conclusion that respondent was denied the promotion because of his national origin, such evidence would not necessarily justify the additional inferences (1) that this discriminatory treatment is typical of petitioner's promotion practices, (2) that petitioner's promotion practices are motivated by a policy of ethnic discrimination that pervades petitioner's Irving division, or (3) that this policy of ethnic discrimination is reflected in petitioner's other employment practices ... (footnote omitted).

The principles articulated by the Court in *Falcon* have led numerous federal courts to deny class certification in Title VII cases where the plaintiff has failed to sufficiently demonstrate commonality and typicality. Specifically, courts have held that plaintiff must do more than merely heap conclusory allegations of class discrimination upon their claims of personal discrimination.

In *Chaffin v. Rheem Manufacturing Co.,* 904 F.2d 1269, 1276 (8th Cir.1990), the Eighth Circuit affirmed the district court's denial of class certification in a Title VII employment discrimination action. The court noted that "[a] demonstration of typi-

cality requires something more than general conclusory allegations that unnamed blacks have been discriminated against." *Id.* at 1275 (citation omitted). Faced with statistical data of greater specificity and sophistication than that presented in this case, the court affirmed the district court's holding that the data presented was "too bareboned ... to allow [the court] to infer to any degree the existence of a pattern or practice affecting a class of protected employees." *Id.* at 1276. In addition, the court held that the plaintiff's "claims of disparate treatment were primarily claims of racial discrimination individual to him and, as such, did not support a class action." *Id.*

The Second Circuit reached a similar result in *Sheehan v. Purolator, Inc.,* 839 F.2d 99 (2nd Cir.1988), *cert. denied,* 488 U.S. 891, 109 S.Ct. 226, 102 L.Ed.2d 216 (1988). In *Sheehan,* a sex discrimination suit, the court affirmed the district court's denial of class certification due to the absence of "class-wide proof of an aggrieved class." *Id.* at 102. As in *Chaffin,* the quality and quantity of statistical evidence presented in *Sheehan* far exceeded that present in the case at bar. *Id.* at 102–3. The court, nonetheless, approved of the district court's scrutinization and rejection of both the data and other anecdotal evidence as part of the "rigorous analysis" required by *Falcon. Id.* at 103.

Faced with a similar evidence, the District of Columbia Circuit has also affirmed a denial of class certification in a Title VII case. *Wagner v. Taylor,* 836 F.2d 578 (D.C.Cir.1987). The court held insufficient to prove commonality the bare assertion that "the common question of law or fact was 'the common threat of discrimination that confronts all members of the class.'" *Id.* at 593. The court stated that "[i]nstead of assembling bits of evidence into a coherent question of possible employer misconduct, [the plaintiff] left the District Court with a combination of broad conclusory allegations of widespread discrimination and a jumble of numbers." *Id.* at 595.

n. 13, 102 S.Ct. 2364, 2370 n. 13, 72 L.Ed.2d 740 (1982).

The Eleventh and Fifth Circuits have reached similar conclusions when faced with evidence of the sort presented in the case at bar. *See Ezell v. Mobile Housing Bd.*, 709 F.2d 1376, 1380 (11th Cir.1983) ("In this case, appellants simply failed to satisfy the burden of proof that class certification was proper. Instead of introducing evidence of class-wide discrimination, appellants introduced only evidence of the two Boards' treatment of them individually.... The district court, faced only with claims of individual discriminatory treatment, was well within its discretion in decertifying the class."); and *Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 833 (5th Cir.1983) ("Faced with a complete lack of data, evidence, memoranda or anything other than the allegations of Fleming's complaint, the district court correctly denied certification of Fleming's proposed class."); *see also Price v. Cannon Mills*, 113 F.R.D. 66, 69 (M.D.N.C.1986) (citation omitted) ("Plaintiff's evidence fails to satisfy the typicality test. Other than the named parties, plaintiffs have failed to produce sufficient factual evidence of the existence of other employees in the Sheet Department of Cannon Mills who have been discriminated against in matters of temporary job assignments and pay for temporary job assignments.... It is necessary that plaintiffs make some affirmative showing beyond individual claims and general class allegation that discrimination has been suffered by the proposed class.").

The Plaintiff has presented nothing but unsupported allegations of class discrimination in this case. It is totally insufficient for Plaintiff to merely make the bare assertion that the vast majority of career promotions and performance awards have gone to those under forty years of age. Accordingly, and in light of the persuasive authority cited herein, the Plaintiff's motion to certify a class is DENIED.

IT IS SO ORDERED.